UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

JEFFREY P. DALE,

Plaintiff,

v.

SHERYL RAMSTAD HVASS,
LYNN DINGLE, and
CARLA GIERSDORF,

Defendants.

Civil File No. 00-942 (JRT/ESS)

**ORDER**

Plaintiff, a prisoner at the Minnesota Correctional Facility, Moose Lake, Minnesota, commenced this action by filing a complaint in this District on April 13, 2000. He is attempting to sue various prison officials under 42 U.S.C. § 1983, for allegedly violating his federal constitutional rights. The matter is now before the Court on Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 3), by which Plaintiff seeks leave to proceed in this matter in forma pauperis, ("IFP"). Also before the Court at this time is Plaintiff's "Motion For A Court Appointed Attorney." (Docket No. 4.)

A. The IFP Application

Plaintiff's IFP application will be GRANTED, which means that he will be excused from pre-paying the filing fee for this action. However, Plaintiff will be required to pay the unpaid balance of the filing fee, (in this case, $100), in installments pursuant to 28 U.S.C. § 1915(b)(2). See Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("the purpose of the [Prison Litigation Reform Act] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at

MAY 0 4 2000
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

the initiation of the proceeding or in installments over a period of time"). The Clerk of Court shall provide notice of this requirement to the prison authorities at the institution where Plaintiff is confined.

Because IFP status has been granted, Plaintiff is entitled to have the Defendants served by the U.S. Marshal. A summons shall therefore be issued and the U.S. Marshal will be directed to effect service of process on the three named Defendants.

The Court will presently defer any ruling on the adequacy of Plaintiff's pleading. (See 28 U.S.C. § 1915A.) Those Defendants upon whom service of process is effected will be required to file an answer or other responsive pleading, notwithstanding the provisions of 42 U.S.C. § 1997e(g). A copy of this Order shall be served with the summons and Complaint, so that Defendants will be apprised of their obligation to file a responsive pleading.

B. Motion For Appointment Of Counsel

Also before the Court at this time is Plaintiff's motion for appointment of counsel. (Docket No. 4.) Pro se litigants, (whether prisoners or non-prisoners), do not have a constitutional or statutory right to counsel in civil cases. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the litigant to present his claims, the complexity of the legal issues and whether both the litigant and the Court would benefit from representation

by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Plaintiff has the threshold ability to articulate his claims and to argue his positions. Moreover, the Court is presently satisfied that appointment of counsel would not substantially benefit the Court or Plaintiff. Plaintiff's motion for appointment of counsel will therefore be denied.[1]

CONCLUSION

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 3), is GRANTED;

2. Plaintiff shall pay the unpaid balance of the filing fee for this action – namely $100 -- in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk of Court shall provide notice of this requirement to prison authorities at the institution where Plaintiff is confined;

3. The Clerk of Court shall issue a summons, and the U.S. Marshal shall effect service of process on the named Defendants;

4. A copy of this Order shall be served with the Summons and Complaint;

---

[1] If it should appear that this case actually will proceed to trial, Plaintiff may then renew his request for appointment of counsel.

5. Those Defendants on whom service of process is effected shall be required to file a response to the Complaint; and

6. Plaintiff's "Motion For A Court Appointed Attorney," (Docket No. 4), is DENIED.

Dated: May 4, 2000

E.S. SWEARINGEN
United States Magistrate Judge