**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JEFFREY P. DALE,

Civil No. 00-942 (JRT/ESS)

Plaintiff,

v.

SHERYL RAMSTAD HVASS,
LYNN DINGLE, and
CARLA GIERSDORF,

Defendants.

**ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

---

Jeffrey P. Dale, #149153 Minnesota Correctional Facility, 7525 4th Avenue, Lino Lakes, MN 55014, *pro se*.

David L. Ramp and Jennifer Kathleen Park, OFFICE OF THE MINNESOTA ATTORNEY GENERAL, 445 Minnesota Street, St. Paul, MN 55101, for defendants.

Plaintiff Jeffrey P. Dale, a Minnesota prison inmate, has commenced this action seeking relief pursuant to 42 U.S.C. § 1983. Plaintiff alleges that defendants violated his First, Fourth, Sixth, and Fourteenth Amendment rights. He seeks both injunctive relief and monetary damages. Defendants filed a motion for summary judgment. This matter is now before the Court on plaintiff's objections to the Report and Recommendation of United States Magistrate E. S. Swearingen, dated April 12, 2001.[1] Plaintiff objects to the

---

[1] Plaintiff sent a letter to the Magistrate Judge on April 17, 2001, that the Court will construe as an objection to the Report and Recommendation.

FILED SEP 05 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD. SEP 05 2001
DEPUTY CLERK

Magistrate Judge's recommendation that defendants' motion for summary judgment be granted and the action be dismissed with prejudice.

The Court has conducted a *de novo* review of plaintiff's objections pursuant to 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court overrules plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge.

Plaintiff's claims stem from his employment at the Moose Lake prison bait shop during 1998 and 1999. Plaintiff was eventually terminated from his position at the bait shop because he failed to maintain average or above average rankings in all areas of his job evaluations. Plaintiff alleges that he suffered continued harassment from prison officials, that his jail cell and mail were illegally searched, that he was terminated without cause, and that he was denied job status and promotions. Plaintiff alleges that he suffered loss of sleep, nervousness and severe depression. He seeks reinstatement to his bait shop position and $100,000 in damages, as well as punitive damages.

The Magistrate Judge recommended that defendants' motion for summary judgment be granted. He concluded that defendants were entitled to assert official immunity pursuant to the Eleventh Amendment, as plaintiff did not assert claims against the prison officials in their individual capacities. However, the Magistrate Judge also went on to evaluate the issue of qualified immunity as well as the merits of plaintiff's claims. He concluded that defendants were entitled to qualified immunity as they did not violate any of plaintiff's clearly established constitutional rights.

In plaintiff's letter to the Magistrate Judge, he explains a lack of psychological treatment that he received while at the Moose Lake Facility, the fact that his pre-existing stomach condition was triggered by the stress that resulted from harassment, and that he was truly harassed by prison officials. While the Court is sympathetic to plaintiff's situation, it can find no viable objections to the Magistrate Judge's legal analysis. The Court has reviewed the record in this case and finds that the Magistrate Judge's recitation of the background facts is fully supported by the record. Accordingly, the Court overrules plaintiff's objections and adopts the Report and Recommendation of the Magistrate Judge.

**ORDER**

Based on the foregoing, the submissions of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections [Docket No. 27], and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 26]. Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment [Docket No. 15] is **GRANTED**.
2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED** with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: Sept. 5, 2001
at Minneapolis, Minnesota.

John R. Tunheim

JOHN R. TUNHEIM
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

**DATE MAILED TO COUNSEL/PRO SE PARTIES:** September 5, 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.